IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Stefan Mrgan III, deceased, by and )
through his Personal Representative )
Alison Elizabeth Mrgan, Individually, )
                                             )     Civil Action No. 2:25-cv-13242-BHH
                         Plaintiff, )
                                             )     **ORDER**
                   v.                      )
                                             )
GLOCK Inc., Umarex USA Inc., J.W. )
Inc. d/b/a Coastal Firearms, and Jon )
Whitley, )
                                             )
                     Defendants. )

_____

Plaintiff asserts three products liability claims under South Carolina law against Defendants Glock, Inc. ("Glock") and Umarex USA, Inc. ("Umarex") (collectively, "Defendants"): strict liability, "negligence / gross negligence / recklessness," and "breach of warranties." (ECF No. 1-1.) Defendants filed respective motions to dismiss alleging, among other things, that the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901 *et seq.*, bars Plaintiff's claims asserted against them. (ECF Nos. 8, 9.) Plaintiff filed a response in opposition, and Defendants each filed a reply. (ECF Nos. 14, 21-22.)

Plaintiff's claims are based on her allegation that the GUW019 Umarex Glock air pistol is defective because this gun was sold without an orange tip on the end in violation of the Imitation Firearms Act (the "Act"), 15 U.S.C. § 5001. (ECF No. 14 at 3-4.) Plaintiff contends that the air pistol should not be excluded from the Act because, while there is

no dispute that it is a BB gun, it can also be used as an air gun. (*Id.* at 3 (acknowledging that the manual explains the gun can propel BBs and that the owner of the gun referred to it as a BB gun).) Thus, Plaintiff argues that the predicate exception to the PLCAA applies to this case. (*Id.* at 4; *see* 15 U.S.C. § 7903(5)(A)(iii) (stating that the predicate exception applies to an "action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought").)

After review, the Court finds no merit to Plaintiff's argument that the GUW019 Umarex Glock air pistol is covered by the Act simply because the owner of the gun chose not to load it with steel BBs. (ECF No. 14 at 3.) The requirement for an orange tip is "limited to toy guns, water guns, replica nonguns, and air-soft guns firing nonmetallic projectiles[.]" 15 U.S.C. § 5001(c). The requirement for an orange tip expressly does not apply to "traditional B-B, paint-ball, or pellet-firing air guns that expel a projectile through the force of air pressure." *Id*. Further, the Court takes judicial notice of the manual for the UW019 Umarex Glock air pistol, which was attached to Umarex's motion. (ECF No. 9-1.) The manual confirms that this gun is not a toy, can cause serious injury or death, and uses $CO_2$ to fire only .177 caliber steel BBs. (*Id.*) Accordingly, the Court holds that the PLCAA's predicate exception does not apply to Plaintiff's claims. Plaintiff does not argue that any other exceptions to the PLCAA apply in this case.

The Court further holds – and Plaintiff does not dispute – that this case meets the PLCAA's threshold definition of "qualified civil liability action." 15 U.S.C. § 7902 (meaning a "civil action . . . brought by any person against a manufacturer or seller . . . for damages . . . resulting from the criminal or unlawful misuse of a qualified product by the person or

2

a third party"). Therefore, the Court finds that Defendants have federal statutory immunity from Plaintiff's claims pursuant to the PLCAA. Therefore, the Court **grants the motions to dismiss, (ECF Nos. 8, 9), and dismisses all claims against these Defendants with prejudice.**

 **IT IS SO ORDERED.**

 /s/ Bruce Howe Hendricks
United States District Judge

July 20, 2026
Charleston, South Carolina